UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ONOFRE T. SERRANO, | No. CV 2:12-10956-VBF (PLA) |
| Plaintiff, | ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| PRENTICE HILL et al., | |
| Defendants. | |

## INTRODUCTION

On February 18, 2014, the United States Magistrate Judge issued a Report and Recommendation, recommending that defendants' Motion to Dismiss be granted and plaintiff's federal civil rights claims be dismissed as barred by absolute immunity. On March 11, 2014, plaintiff filed a "Statement of Objections" ("Obj.") to the Court's Report and Recommendation. Defendants filed a Reply on March 20, 2014.

## DISCUSSION

In his Objections, plaintiff merely indicates that he "objects" without stating the basis for any objections. (Obj. at 2, 4).

Plaintiff cites the Magistrate Judge's quote from defendants that: "defendants argue, they were merely maintaining a "hold which was already in place by the Long Beach Police Department" following plaintiff's arrest." (Obj. at 3 (citing Report and Recommendation at 13)). Plaintiff then cites the California Code of Regulations to argue that the LBPD cannot place or maintain a parole hold. As noted in the Report and Recommendation, the evidence reflects that "a 3056PC hold is in place" following plaintiff's arrest. (Report and Recommendation at 14). As stated in the Report and Recommendation (at 15):

> Plaintiff's argument that defendants had no jurisdiction to place or retain a parole hold that the evidence reflects was initiated following plaintiff's arrest by officers who are not defendants herein does not address the relevant question of whether the named defendants were performing functions integrally related to the quasi-judicial function of deciding to grant or revoke parole.

In addition, plaintiff appears to argue that he should be afforded the opportunity to file an amended complaint that would "eradicat[e] the exhaustion requirement" (Obj. at 2), but plaintiff does not explain how being provided with an opportunity to amend would address the exhaustion requirement. Further, plaintiff's claims cannot be amended to alter the fact that they are barred by absolute immunity.

Next, the Magistrate Judge's recommendation that plaintiff's federal civil-rights claims against all defendants be dismissed with prejudice as barred by absolute immunity does *not* rely on the alternative finding in the Report and Recommendation that plaintiff failed to exhaust his available administrative remedies. However, after issuance of the Report and Recommendation, the Ninth Circuit sitting en banc recently overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003),[1] in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), and determined that a contention that a prisoner failed to exhaust administrative remedies is more appropriately handled under the framework of summary judgment procedures. *See, e.g., Parrish v. Solis*, No. 11-cv-01438, 2014 WL 1921154, *1 (N.D. Cal. May 13, 2014) ("[I]n light of *Albino*, this Court DENIES without prejudice Defendants' motion to dismiss Plaintiff's claims based on Plaintiff's alleged

---

[1] The Court in Wyatt had held that "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Albino, 747 F.3d at 1168 (citing Wyatt, 315 F.3d at 1119).

failure to exhaust administrative remedies. Defendants may re-raise their non-exhaustion defense in their summary judgment motion to be filed by August 21, 2014.") (ECF citation omitted).

Nevertheless, the Court notes that, even under such a framework, the Magistrate Judge's alternative finding would remain unchanged. In this case, the record has been sufficiently developed to consider summary judgment. Defendants did adduce evidence that inmates confined in the Los Angeles County Jail system had open access to inmate complaint forms without having to request the forms from jail officials, and that a search of the records revealed that no complaints had been submitted by inmate Onofre Serrano (plaintiff herein). (Decl. Kennedy ¶¶ 9-13). In response, plaintiff adduced evidence to address defendants' contention that he had failed to exhaust available administrative remedies. Plaintiff did not purport to contend that he was unaware of the exhaustion procedure at the Los Angeles County Jail, that the procedure was effectively unavailable to him for any reason, or that he had attempted to raise complaints concerning his confinement that were denied or rebuffed by jail officials. Rather, plaintiff contended that he believed that any grievance concerning his parole hold would be rejected and, consequently, he made no attempt to use the available administrative remedies. Accordingly, no genuine dispute as to any material fact exists with respect to plaintiff's failure to exhaust available administrative remedies.

Accordingly, nothing in plaintiff's Objections alters the conclusion that this is a case where it is absolutely clear that the defects of plaintiff's federal claims in his Proposed TAC are incapable of being cured by amendment. After full consideration of the arguments and allegations in plaintiff's Objections, the Court concludes as follows:

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, plaintiff's Objections, and defendants' Reply thereto. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. With the exception of the magistrate

judge's reliance on <u>Wyatt v. Terhune</u>, the Court accepts the recommendations of the magistrate judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Defendants' Motion to Dismiss is granted.
3. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and dismisses those claims without prejudice to plaintiff raising such claims in state court.
4. Judgment shall be entered consistent with this order.
5. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED:    July 3, 2014

*/s/ Valerie Baker Fairbank*
_____
HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE